## Case No. 6,767b.

HOWE et al. v. The LEXINGTON.

[3 Betts, D. C. MSS. 66.]

District Court, S. D. New York. April 5, 1843.

PRACTICE IN ADMIRALTY—EVIDENCE—BILL OF LADING.

[1. An objection to a clerk's report on a reference to ascertain the amount of damages in an admiralty case cannot be taken by argument, but must be by formal exception.]

[2. On a libel in rem upon a bill of lading, the clerks and agents of the transportation company claimant, having personally no interest in the business, and not responsible for its defaults, are competent witnesses.]

[This was a libel in rem by William L. Howe and Benjamin C. Cummings against the schooner Lexington for failure to deliver goods under the terms and conditions of a bill of lading. A decree was rendered for the libellants (Case No. 6767a), and the cause referred to a clerk, to take further proofs on the question of value. To the clerk's report the libellants filed exceptions.]

BETTS, District Judge. In deciding the case upon the merits in favor of the libellants, the court fixed provisionally the damages to be recovered at 1½ cents per lb. on the 12 casks of clover seed. But as the gist of the controversy had not turned upon the value of the seed at any particular time in this market, that sum was not determined with any great precision by the witnesses, and the court had adopted it, as seemingly the nearest approximation to the depreciation, the decree left to either party the privilege of a reference to the clerk to take further proofs upon the question of value. The clerk reports the new proof submitted to him, and his estimate of the depreciation of the seed between the period of its arrival at this port, and the time the libellants had notice thereof, at the sum of one & a half cents per pound, and the quantity at 6811, and the sum to be recovered by the libellants, $102.16. The libellants except to the report and contend they are entitled to three cents per lb., and the claimants, without interposing any exception to the report, insist that upon the whole evidence the libellants are not entitled to any allowance. But it is not competent to the claimants to inter-

pose any objection to the report by way of argument only. It must stand as admitted against those parties who have not taken formal exceptions, and accordingly the sole question is whether the clerk's report is supported by the testimony in the case.

I have gone carefully over the whole proof again and find no ground for advancing the allowance made by the clerk. The Greens are not incompetent witnesses. They were merely clerks or agents of the transportation line, and had personally no interest in its business, nor are they responsible for its defaults. There is nothing in the proof from which the court is authorized to infer that these persons acted in any respect in contradiction of the orders or trust of the company, and on a mere question of diligence or fidelity between the principal and his clerk as to the conducting of a piece of business, would not disqualify the clerk from testifying in relation to the transaction between the principal and third parties. Both Greens are corroborated by Monroe as to the only facts material in the case,—the time the seed arrived in New York, and the time knowledge of its arrival reached persons inquiring for it in behalf of the libellants; and their testimony would fix the last at a period not later than the 15th of March.

As to the value of the seed in the market at that time, I am inclined to the opinion that the weight of evidence is that if it had depreciated at all intermediate its arrival that depreciation had not exceeded 1½ cents per lb. On an exception by the claimants, it would most probably have been decided that the allowance should have been less. Mr. Russel gives the only positive testimony to that point. Mr. Thompson's is but hearsay, and Mr. Monroe speaks only from a high offer, and that by a buyer. Still, as the owner held it at 9 cents, when he called on Monroe, and the latter stated the offer price at the time to be 7½. I think the 1½ cents given the libellants may be permitted to stand, and that it is a full recompense to him for the loss. The exceptions are accordingly overruled and with costs.